UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| EDUIN GARCIA, ET AL. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-00170-JCN |
| | : | |
| YVES LAPOINTE DRYWALL, INC., and AP DRYWALL, INC. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| _____ | : | |
| | : | |
| YVES LAPOINTE DRYWALL, INC., | : | |
| | : | |
| Cross-Claim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AP DRYWALL, INC. | : | |
| | : | |
| | : | |
| Cross-Claim Defendant. | : | |

## **DEFENDANT, YVES LAPOINTE DRYWALL, INC.'s ANSWER and CROSS-CLAIM**

Defendant, Yves Lapointe Drywall, Inc. ("Lapointe") submits this Answer to Plaintiffs' Complaint (ECF 1), and cross-claims against Defendant, AP Drywall, Inc. ("AP Drywall") as follows:

## ANSWER

1.      This paragraph describes Plaintiffs' claims and legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

2.      Lapointe lacks knowledge and is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

3.      Lapointe lacks knowledge and is without information sufficient to form a belief as to the truth of the allegations contained in the first four sentences of this paragraph, and accordingly denies the same. Lapointe denies the allegations contained in sentence 5 of this paragraph.

4.      This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them.

5.      This paragraph describes Plaintiffs' claims and legal conclusions, to which no response is required.  To the extent this paragraph contains factual allegations, Lapointe denies them.  Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

6.      This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Lapointe denies them.  Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

7.      Exhibit 1 speaks for itself and no response is required.  To the extent this paragraph contains factual allegations, Lapointe denies them.

**Jurisdiction and Venue**

8.      This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations they are denied.

9.      This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations they are denied.

10.     This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations they are denied.

**Parties**

11.     Lapointe denies the allegations contained in this paragraph.

12.     Lapointe denies the allegations contained in this paragraph.

13.     Lapointe denies the allegations contained in this paragraph.

14.     Lapointe denies the allegations contained in this paragraph.

15.     Lapointe denies the allegations contained in this paragraph.

16.     Lapointe denies the allegations contained in this paragraph.

17.     Lapointe admits that it is a drywall company with its principal place of business in Poland, County of Androscoggin, Maine. Lapointe denies the allegations in the second sentence of this paragraph, and specifically denies that it meets the definition of "employer" as defined in the FLSA and 26 M.R.S. § 591, with respect to the Plaintiffs.

18.     Lapointe denies the allegations contained in this paragraph.

19.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

20.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.  This paragraph also contains legal conclusions to which no response is required, and otherwise denies them.

21.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.  This paragraph also contains legal conclusions to which no response is required, and otherwise denies them.

**Factual Allegations**

22.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

23.     Admitted.

24.     Denied. By way of further answer, Lapointe states that it hired AP Drywall as a subcontractor to provide services relating to framing, drywall, and hanging sheet rock on certain jobs for which Lapointe was paid by general contractors and denies the remaining allegations in this paragraph.

25.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

26.     Lapointe admits that certain of Plaintiffs worked for Defendant AP Drywall, a subcontractor of Lapointe, on the Edward Little High School construction site, and denies the remaining allegations in the first sentence of this paragraph.  Lapointe admits that the general contractor on that site was Arthur C. Dudley contractor/Builder, Inc. and denies the remaining allegations in the second sentence of this paragraph.

27.     Denied.

28.    Lapointe admits that certain of Plaintiffs worked for Defendant AP Drywall, a subcontractor of Lapointe, on the Skowhegan New Elementary School construction site, and denies the remaining allegations in the first sentence of this paragraph.  Lapointe admits that the general contractor on that site was Landry French Construction Co. and denies the remaining allegations in the second sentence of this paragraph.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied. By way of further answer, Lapointe states that it would record hours worked by certain of Plaintiffs on jobs at which AP Drywall was a subcontractor to Lapointe and denies the remaining allegations contained in this paragraph.

34.    Denied as to paragraphs 34 (a)-(e). Admitted as to paragraph 34(f) as to jobs at which AP Drywall was a subcontractor to Lapointe, and denies the remaining allegations contained in this subparagraph.

35.    Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

36.    Denied. By way of further answer, Lapointe states that it supplied lifts, ladders, and baker staging for its own employees and it is possible that its subcontractor AP Drywall's employees may have used that equipment and denies the remaining allegations in this paragraph.

37.    Denied. By way of further answer, Lapointe states that it supplied certain materials on certain jobsites some of which may have been used by its subcontractor AP Drywall's employees and denies the remaining allegations in this paragraph.

38.     Denied.

39.     Denied.

40.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

41.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

42.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

43.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

44.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same. By way of further answer, Lapointe states that Exhibit 2 speaks for itself and no response is required.  To the extent a response is required, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

45.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same. By way of further answer, Lapointe states that Exhibit 3 speaks for itself and no response is required.  To the extent a response is required, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

46.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same. By way of further answer, Lapointe states that Exhibit 4 speaks for itself and no response is required.  To the extent

a response is required, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

47.     Denied.

48.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

49.     This paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them.

50.     Lapointe admits that it contracted with AP Drywall, as subcontractor, at certain jobsites, and that its workers performed manual labor.  Lapointe is without information as to the remaining allegations in this paragraph and therefore denies them.

51.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them.

52.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

53.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

54.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

55.     This paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies them.

56.     Denied.

57.     Denied. By way of further answer, Lapointe states that this paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them.

58.     Denied. By way of further answer, Lapointe states that this paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them

59.     Denied. By way of further answer, Lapointe states that this paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them.

60.     Denied. By way of further answer, Lapointe states that this paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them.

61.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

62.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

63.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

**Representative Action Allegations for FLSA Claims**

64.     This paragraph describes Plaintiffs' claims to which no response is required. To the extent it contains factual allegations to which a response is required, Lapointe denies them.

65.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent it contains factual allegations, Lapointe denies them.  Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

66.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

67.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

68.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

69.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

70.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

71.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

72.     Denied.

73.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

74.     Denied.

75.     Lapointe is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and accordingly denies the same.

76.     This paragraph contains legal conclusions to which no response is required.  To the extent it contains factual allegations against Lapointe, they are denied.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

77.     This paragraph contains legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations against Lapointe, they are denied.

78.     This paragraph contains legal conclusions to which no response is required. To the extent this paragraph contains factual allegations against Lapointe, they are denied.

## Class Action Allegations

### A.     Class Definition

79.      This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

80.     This paragraph describes Plaintiffs' claims to which no response is required.  To the extent a response is required, Lapointe denies them.

**B.      Efficiency of Class Prosecution of Common Claims**

81.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

**C.      Numerosity of Impracticality of Joinder**

82.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

**D.      Common Questions of Law and Fact**

83.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

**E.      Typicality of Claims and Relief Sought**

84.     This paragraph describes Plaintiffs' claims to which no response is required.  To the extent a response is required, Lapointe denies them.

**F.      Adequacy of Representation**

85.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

**G.      Rules 23(B)(3) Requirements**

86.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

87.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

88.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

89.     LaPointe is without information sufficient to form a belief as to the allegations in this paragraph and therefore denies them.

90.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required.  To the extent a response is required, Lapointe denies them. Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

91.     This paragraph contains legal conclusions to which no response is required. Further, Lapointe is without information to form a belief as to the remaining allegations, and to the extent a response is required, Lapointe denies them.

## COUNT I

### Violation of the FLSA:  Failure to Pay Overtime Compensation
### (Collective Action)

92.     Lapointe repeats and realleges the foregoing paragraphs as if repeated in full herein.

93.     This paragraph describes Plaintiffs' claims and contains legal conclusions to which no response is required. To the extent there are factual allegations contained in this paragraph, Lapointe denies them.  Lapointe further denies that the Plaintiffs are entitled to judgment or other relief sought.

94.     This paragraph contains legal conclusions to which no response is required. To the extent there are factual allegations contained in this paragraph, Lapointe denies them.

95.     Denied on behalf of Lapointe. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

96.     Denied on behalf of Lapointe. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

97.     Denied on behalf of Lapointe. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

98.     Denied on behalf of Lapointe. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

## COUNT II

### Failure to Pay Overtime under 26 M.R.S. §§664(3) and 670

99.     Lapointe repeats and realleges the foregoing paragraphs as if repeated in full herein.

100.     Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies the same.

101.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Lapointe denies them.

102.    Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies them.

103.    Denied on behalf of Lapointe.  As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies them.

104.    Denied on behalf of Lapointe. As to Defendant AP Drywall, Lapointe is without information sufficient to form a belief as to the truth of the allegations, and accordingly denies them.

105.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Lapointe denies them.

106.    Denied on behalf of Lapointe.

**AFFIRMATIVE DEFENSES**

1.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Lapointe.

2.    Some or all of the claims of some or all Plaintiffs and each Putative Class Member defined in the Complaint are barred in whole or in part because Plaintiffs lack standing.

3.    Some or all of the claims of some or all Plaintiffs and each Putative Class Member defined in the Complaint are barred in whole or in part because of the applicable statute of limitations.

4.    The claims of Plaintiffs and any Putative Class Members are subject to the FLSA's two-year limitations period because any violation of the FLSA, which Lapointe denies, was not willful and reckless as required to apply a three-year limitations period.

5.      Plaintiffs' Complaint is barred in whole or in part as a result of the acts or omissions of Plaintiff and/or others, over which Lapointe has no responsibility, and/or the intervening conduct of third parties.

6.      Lapointe is not a proper defendant because it did not employ Plaintiffs or any purported class members, and otherwise was not responsible for the employment actions and practices of which Plaintiffs complain.

7.      Lapointe's actions about which Plaintiffs complain were taken in good faith, and Lapointe had reasonable grounds for believing that its actions were not in violation of applicable law.

8.      To the extent Lapointe has any burden of proof, Lapointe is not a proper party to some or all of Plaintiffs' claims in this case.

9.      Plaintiffs cannot satisfy the requirements for the maintenance of a class or collective action or the prerequisites for class or collective certification.

10.      Plaintiffs do not, and cannot, fairly and adequately represent the interests of the purported class.

11.      Lapointe opposes class and collective action certification and disputes the propriety of class or collective treatment. If the Court certifies the class in this case over Defendant's objections, then Defendant asserts the defenses set forth in this Answer against each and every member of the certified class.

12.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, unclean hands, laches, and/or estoppel.

13.      Lapointe reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, Defendant Yves Lapointe Drywall, Inc. prays for judgment as follows:

1.      That judgment be entered in favor of Defendant Yves Lapointe Drywall, Inc. and against Plaintiffs;

2.      That Plaintiffs' Complaint be dismissed in its entirety with prejudice and that Plaintiffs take nothing by their complaint;

3.      That Defendant Yves Lapointe Drywall, Inc. be awarded costs of suit incurred herein, including their actual attorneys' fees and costs; and

4.      For such other and further relief as the court deems just and proper.

## CROSS-CLAIM AGAINST AP DRYWALL, INC.

Lapointe asserts the following cross-claim against co-defendant AP Drywall based on information and belief.

1.      In this action, Plaintiffs and Putative Class Members have brought claims alleging unpaid wages and other relief for alleged violations of the Fair Labor Standards Act ("FLSA") and Maine Unpaid Wage laws, 26 M.R.S. §§ 664(3) and 670, arising out of the alleged acts and/or omissions by Defendants Yves Lapointe Drywall Inc. ("Lapointe") and AP Drywall Inc. ("AP Drywall").

2.      Lapointe is a drywall sub-contractor hired by general contractors to work on specific construction projects. Lapointe is a Maine corporation.

3.      As alleged in the Complaint, AP Drywall generally provides laborers who perform framing, drywalling, and ceiling work for general or sub-contractors on specific construction projects. AP Drywall is a Maine corporation. ECF 1, ¶ 18.

4.      The Complaint alleges that Defendants Lapointe and AP Drywall willfully violated the FLSA and the Maine Unpaid Wage laws by knowingly failing to pay overtime to Plaintiffs and Putative Class Members.

5.      Lapointe denies it engaged in any unlawful or wrongful acts or omissions and denies all liability for claims and damages asserted by the Plaintiffs and Putative Class Members in the Complaint for the reasons set forth in its answer and affirmative defenses.

6.      Lapointe also denies that it is liable under any theory in any amount to Plaintiffs for the reasons set forth in its answer and affirmative defenses.

7.      If, however, Lapointe is found liable, Lapointe would be entitled to contribution or indemnification from AP Drywall because AP Drywall's actions and inactions caused any damages to Plaintiffs.

**Count I – Indemnity under the FLSA and 26 M.R.S. §§ 664 and 670**

8.      Lapointe realleges and incorporates by reference the allegations contained in paragraphs 1 through 7 above, as if fully set forth herein.

9.      Lapointe's alleged liability to Plaintiffs and Putative Class Members, if any, was caused solely or primarily by the wrongful acts or omissions of AP Drywall.

10.     In the event Plaintiffs and/or Putative Class Members are able to recover any part of the alleged damages, in settlement or otherwise, from Lapointe, which damages Lapointe denies, then AP Drywall should be held responsible for such loss, not Lapointe.

11.     Lapointe is entitled to indemnification from AP Drywall in an amount commensurate with Lapointe's liability to Plaintiffs and Putative Class Members, if any, including any amounts paid in settlement as a result of these proceedings.

12.     Thus, Lapointe is entitled to an order holding AP Drywall solely responsible for (i) any loss incurred by Lapointe in the event that Plaintiffs are able to recover any part of the alleged damages from Lapointe, which damages Lapointe; or (ii) any amount paid by Lapointe in partial or complete settlement of this action; and (iii) all costs and fees, including attorneys' fees, incurred by Lapointe in the defense of this action.

### Count II – Contribution under the FLSA and 26 M.R.S. §§ 664 and 670

13.     Lapointe realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above, as if fully set forth herein.

14.     Lapointe's alleged liability to Plaintiffs and/or Putative Class Members, if any, was caused solely or primarily by the wrongful acts or omissions of AP Drywall.

15.     In the event Plaintiffs and/or Putative Class Members are able to recover any part of the alleged damages, in settlement or otherwise, from Lapointe, which damages Lapointe denies, then AP Drywall should be held responsible for such loss.

16.     Lapointe is entitled to contribution from AP Drywall in an amount commensurate with AP Drywall's pro-rata shares of any common liability.

17.     Thus, Lapointe is entitled to an order holding AP Drywall solely responsible for (i) any loss incurred by Lapointe in the event that Plaintiffs are able to recover any part of the alleged damages from Lapointe, which damages Lapointe; or (ii) any amount paid by Lapointe in partial or complete settlement of this action; and (iii) all costs and fees, including attorneys' fees, incurred by Lapointe in the defense of this action.

### Count III – Equitable Claim for Common Law Indemnity and Contribution

18.     Lapointe realleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19.     Lapointe's alleged liability to Plaintiffs and/or Putative Class Members, if any, was caused solely or primarily by the wrongful acts or omissions of AP Drywall.

20.     In the event Plaintiffs and/or Putative Class Members are able to recover any part of the alleged damages, in settlement or otherwise, from Lapointe, which damages Lapointe denies, then AP Drywall should be held responsible for such loss.

21.     Lapointe is entitled to the equitable remedy of indemnification and/or contribution from AP Drywall, holding it (A) solely responsible for (i) any loss incurred by Lapointe in the event that Plaintiffs and/or Putative Class Members are able to recover any part of the alleged damages from Lapointe, which damages Lapointe; or (ii) any amount paid by Lapointe in partial or complete settlement of this action; and (iii) all costs and fees, including attorneys' fees, incurred by Lapointe in the defense of this action, or, (B) responsible to Lapointe in an amount commensurate with AP Drywall's pro-rata shares of any common liability, all in accordance with common law.

### Count IV – Breach of Contract

22.     Lapointe realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein.

23.     Lapointe and AP Drywall agreed that Lapointe would hire AP Drywall as a subcontractor to provide construction services relating to framing, drywall, and hanging sheet rock on certain of its jobs located in Maine.

24.     Lapointe and AP Drywall agreed that AP Drywall and not Lapointe would be responsible for AP Drywall employees, including wages, wage calculations, withholdings, and issuance of payment to its employees, for all work performed on Lapointe jobs.

25.     Lapointe and AP Drywall agreed that no AP Drywall employees would work more than 40 hours per workweek on any Lapointe jobs.

26.     AP Drywall materially breached the contract by permitting its employees to work more than 40 hours in a workweek to the extent 40 hours were exceeded.

27.     To the extent that 40 hours were exceeded, AP Drywall materially breached the contract by failing to pay its employees overtime, to the extent that occurred.

28.     As a result of AP Drywall's breaches as alleged above, Lapointe has suffered damages.

**WHEREFORE**, Yves Lapointe Drywall, Inc. prays for judgment as follows:

1.     That judgment be entered in favor of Lapointe and against AP Drywall;

2.     That Lapointe's cross-claims for indemnity and/or contribution be granted;

3.     That Lapointe be awarded costs of suit incurred herein, including their actual attorneys' fees and costs; and

4.     For such other and further relief as the court deems just and proper.

Dated: July 8, 2024                              Respectfully submitted,


/s/ Daniel A. Nuzzi
Daniel A. Nuzzi
dnuzzi@brannlaw.com
Peter J. Brann
pbrann@brannlaw.com
Hannah L. Wurgaft
hwurgaft@brannlaw.com
BRANN & ISAACSON
113 Lisbon Street; P.O. Box 3070
Lewiston, ME  04243-3070
Tel. (207) 786-3566

*Attorneys for Yves Lapointe Drywall, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.  Service on AP Drywall, Inc. was made via email and by USPS mail to the address on file with the Court.

/s/ *Daniel A. Nuzzi*
Daniel A. Nuzzi